B 27 (Official Form 27) (12/13)

# UNITED STATES BANKRUPTCY COURT
Northern District of Georgia

In re  RANDOLPH LEE LANGFORD
KAREN WANDA LANGFORD     ,
       *Debtor*

Case No. 14-10129
Chapter 7

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1. Creditor's Name: JPMorgan Chase Bank, N.A.

2. Amount of the debt subject to this reaffirmation agreement:
   $ 9,720.62    on the date of bankruptcy   $ 9,376.91   to be paid under reaffirmation agreement

3. Annual percentage rate of interest: 12.49   % prior to bankruptcy
   12.49   % under reaffirmation agreement ( ✓ Fixed Rate ___ Adjustable Rate)

4. Repayment terms (if fixed rate): $ 406.19  per month for  23    months

5. Collateral, if any, securing the debt: Current market value: $ 14,325.00  NADA
   Description: 2009 JEEP PATRIOT

6. Does the creditor assert that the debt is nondischargeable?  ___ Yes  ✓ No
(If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.)

**Debtor's Schedule I and J Entries**

7A. Total monthly income from   $ 3982.43
    Schedule I, line 12

8A. Total monthly expenses   $ 3903.06
    from Schedule J, line 22

9A. Total monthly payments on   $ —0—
    reaffirmed debts not listed on
    Schedule J

**Debtor's Income and Expenses as Stated on Reaffirmation Agreement**

7B. Monthly income from all   $ 3982.43
    sources after payroll deductions

8B. Monthly expenses   $ 3903.06

9B. Total monthly payments on   $ —0—
    reaffirmed debts not included in
    monthly expenses

10B. Net monthly income   $ 79.37
    (Subtract sum of lines 8B and 9B from
    line 7B. If total is less than zero, put the
    number in brackets.)

B27 (Official Form 27) (12/13)                                                                                           Page 2

11. Explain with specificity any difference between the income amounts (7A and 7B):

    .
    .

12. Explain with specificity any difference between the expense amounts (8A and 8B):

    .
    .

If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation contained on those lines is true and correct.

_____                    _____
Signature of Debtor (only required if         Signature of Joint Debtor (if applicable, and only
line 11 or 12 is completed)                   required if line 11 or 12 is completed)

**Other Information**

☐  Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt:


Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
    ✓ Yes              _____ No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?
    ✓ Yes              _____ No


**FILER'S CERTIFICATION**

I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

                                      _____
                                      Signature

                                      DORA SANCHEZ                         Creditor
                                      Print/Type Name & Signer's Relation to Case

B240A/B ALT (Form 240A/B ALT) (Reaffirmation Agreement) (12/11)

☐ **Presumption of Undue Hardship**
☒ **No Presumption of Undue Hardship**
(Check box as directed in Part D: Debtor's Statement in Support of Reaffirmation Agreement.)

# UNITED STATES BANKRUPTCY COURT
## Northern District of Georgia

In re RANDOLPH LEE LANGFORD
KAREN WANDA LANGFORD, Case No. 14-10129
Debtor                        Chapter 7

## REAFFIRMATION AGREEMENT

*[Indicate all documents included in this filing by checking each applicable box.]*

☒ Part A: Disclosures, Instructions, and Notice to Debtor (pages 1 - 5)
☒ Part B: Reaffirmation Agreement
☒ Part C: Certification by Debtor's Attorney
☐ Part D: Debtor's Statement in Support of Reaffirmation Agreement
☐ Part E: Motion for Court Approval

*[Note: Complete Part E only if debtor was not represented by an attorney during the course of negotiating this agreement. Note also: If you complete Part E, you must prepare and file Form 240C ALT - Order on Reaffirmation Agreement.]*

**Name of Creditor:** JPMorgan Chase Bank, N.A.

☐ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act

### PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

**1.   DISCLOSURE STATEMENT**

***Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:***

**SUMMARY OF REAFFIRMATION AGREEMENT**
This Summary is made pursuant to the requirements of the Bankruptcy Code.

**AMOUNT REAFFIRMED**

The amount of debt you have agreed to reaffirm:        $ 9,376.91

*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

Form 240A/B ALT - Reaffirmation Agreement (Cont.)                                              2

**ANNUAL PERCENTAGE RATE**

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

     a. If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

     (i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: _____%.

<div align="center">--- *And/Or* ---</div>

     (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

$_____ @ _____ %;
$_____ @ _____ %;
$_____ @ _____ %.

     b. If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (I) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

     (i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: <u>12.49    </u>%.

<div align="center">--- And/Or ---</div>

     (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

**Form 240A/B ALT - Reaffirmation Agreement (Cont.)**                                        3

$_____@_____%;
$_____@_____%;
$_____@_____%.

    c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

    The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

    d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

| Item or Type of Item | Original Purchase Price or Original Amount of Loan |
|---|---|
| 2009 JEEP PATRIOT | $20,402.61 |

*Optional---At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

**Repayment Schedule:**

Your first payment in the amount of $ _406.19_____ is due on __1/19/14_ (date), but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

              — *Or* —

Your payment schedule will be: _____(number) payments in the amount of $_____ each, payable (monthly, annually, weekly, etc.) on the _____ (day) of each _____ ( week, month, etc.), unless altered later by mutual agreement in writing.

              — *Or* —

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

    **2. INSTRUCTIONS AND NOTICE TO DEBTOR**

**Form 240A/B ALT - Reaffirmation Agreement (Cont.)**                                                    **4**

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If the creditor is not a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. If the creditor is a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

Form 240A/B ALT - Reaffirmation Agreement (Cont.) 5

### YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

<u>What are your obligations if you reaffirm the debt?</u> A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

<u>Are you required to enter into a reaffirmation agreement by any law?</u> No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

<u>What if your creditor has a security interest or lien?</u> Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the property securing the lien if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you must make a single payment to the creditor equal to the amount of the allowed secured claim, as agreed by the parties or determined by the court.

> **NOTE:** When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

Form 240A/B ALT - Reaffirmation Agreement (Cont.)                                6

**PART B: REAFFIRMATION AGREEMENT.**

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:

   Motor Vehicle Year/Make/Model:
   2009 JEEP PATRIOT

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:

SIGNATURE(S):

| Borrower: | Accepted by creditor: |
|---|---|
| RANDOLPH LEE LANGFORD | JPMorgan Chase Bank, N.A. |
| (Print Name) | (Printed Name of Creditor) |
| _[signature]_ | P.O. Box 29505 AZ1-1191 |
| (Signature) | Phoenix, AZ 85038-9505 |
| Date: 2-20-14 | (Address of Creditor) |
| | _Dora Sanchez_ |
| | (Signature) |
| | DORA SANCHEZ          Bankruptcy Specialist |
| Co-borrower, if also reaffirming these debts: | (Printed Name and Title of Individual Signing for Creditor) |
| KAREN WANDA LANGFORD | |
| (Print Name) | |
| _[signature]_ | Date of creditor acceptance: |
| (Signature) | 3/7/14 |
| Date: 2-20-14 | |

**Form 240A/B ALT - Reaffirmation Agreement (Cont.)** 7

### PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).

*[To be filed only if the attorney represented the debtor during the course of negotiating this agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: Sheila L. Rambeck

Signature of Debtor's Attorney: Sheila L. Rambeck

Date: 2-20-14

Form 240A/B ALT - Reaffirmation Agreement (Cont.)                                      8

**PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT**

*[Read and complete sections 1 and 2, **OR**, if the creditor is a Credit Union and the debtor is represented by an attorney, read section 3. Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 **and** your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship"]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $3982.43 and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $3496.87, leaving $485.56 to make the required payments on this reaffirmed debt.

I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here: _____
_____
_____ .

**(Use an additional page if needed for a full explanation.)**

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: ___[signature]___
         (Debtor)
         ___[signature]___
         (Joint Debtor, if any)
Date:    2-20-14

— *Or* —

*[If the creditor is a Credit Union and the debtor is represented by an attorney]*

3. I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _____
        (Debtor)

        _____
        (Joint Debtor, if any)
Date:   _____

# U.S. Bankruptcy Court
## Northern District of Georgia (Newnan)
### Bankruptcy Petition #: 14-10129-whd

| | |
|---|---|
| | *Date filed:* 01/17/2014 |
| *Assigned to:* Judge W. Homer Drake | *341 meeting:* 02/20/2014 |
| Chapter 7 | *Deadline for objecting to discharge:* 04/21/2014 |
| Voluntary | *Deadline for financial mgmt. course (db):* 04/07/2014 |
| No asset | *Deadline for financial mgmt. course (jdb):* 04/07/2014 |

| | |
|---|---|
| *Debtor*<br>**Randolph Lee Langford**<br>222 Morgans Turn<br>Peachtree City, GA 30269<br>FAYETTE-GA<br>SSN / ITIN: xxx-xx-4381 | represented by **Sheila L. Rambeck**<br>Sheila L. Rambeck, P. C.<br>Suite 215<br>14 Eastbrook Bend<br>Peachtree City, GA 30269-1530<br>(770) 631-2334<br>Fax : (678) 302-6483<br>Email: cmecframbecklaw@gmail.com |
| *Joint Debtor*<br>**Karen Wanda Langford**<br>222 Morgans Turn<br>Peachtree City, GA 30269<br>FAYETTE-GA<br>SSN / ITIN: xxx-xx-0682 | represented by **Sheila L. Rambeck**<br>(See above for address) |
| *Trustee*<br>**Griffin E. Howell, III**<br>127 1/2 East Solomon Street<br>PO Box 551<br>Griffin, GA 30224<br>770-227-0110 | |
| *U.S. Trustee*<br>**Office of the United States Trustee**<br>362 Richard Russell Building<br>75 Spring Street, SW<br>Atlanta, GA 30303<br>404-331-4437 | |

| Filing Date | # | Docket Text |
|---|---|---|
| 01/17/2014 | 1<br>(63 pgs) | Voluntary Petition (Chapter 7). Fee $ 306, Filed by Sheila L. Rambeck of Sheila L. Rambeck, P. C. on behalf of Randolph Lee Langford, Karen Wanda Langford. (Rambeck, Sheila) |
| | | |

# NADA Official Used Car Guide
## Thursday, February 06, 2014

## Vehicle Summary NADA Values

| | | | |
|---|---|---|---|
| **Region:** | Southeastern - February 2014 | **Reference #:** | |
| **Vehicle Description:** | 2009 JEEP<br>Patriot-4 Cyl.<br>Utility 4D Limited 4WD | **VIN:** | 1J8FF48B49D220570 |
| **MSRP:** | $23,230 | **Weight:** | 3,310 |
| **Mileage:** | 67,500 | | |

| | Rough Trade-In | Average Trade-In | Clean Trade-In | Clean Loan | Clean Retail |
|---|---|---|---|---|---|
| **Base Value** | $9,475 | $10,650 | $11,625 | $10,475 | $14,325 |
| **Optional Equipment** | | | | | |
| **Option Total** | $0 | $0 | $0 | $0 | $0 |
| **Mileage Adjustment** | $0 | $0 | $0 | $0 | $0 |
| **Total NADA Official Used Car Guide Values** | $9,475 | $10,650 | $11,625 | $10,475 | $14,325 |

NADA assumes no responsibility or liability for any errors or omissions
or any revisions or additions made by anyone on this report.
Copyright NADA Services Corp. 2014
All rights reserved.

```
AMAI            02/06/14           ACCOUNT INQUIRY              08:39:44
CUR
CTL2 400   CTL3 452   CTL4 0000   ACCT            3341       EFF DATE        02/06/14
CTL2 000   CTL3 000   CTL4 0000   CUST                       LEGAL STAT = LL
                                  ******** RATES *********   SIMPLE INT - FIXED RATE
PAYOFF                  9376.91                              AUTO DR                N
ORIG LOAN AMT          20402.61   CURR RATE     12.4900000   PROD TYPE           CUSF
ORIG PROCEEDS          20402.61   ORIG RATE     12.4900000   PRIM OFFICER       92353
LT CHG DUE               259.23   PER DIEM       3.1030027   GL KEY 0001400452     40
FEES DUE                   0.00   ********* DATES ********   CALL CODE           06B0
CURRENT PRIN            9068.03   CONTRACT DATE   08/05/09   ***** REPAYMENTS *****
CURRENT INT               49.65   CURR MATURITY   11/19/15   CURR TERM             75
SCH PYMT AMT             406.19   CLOSED DATE                PYMTS MADE            49
CUR PYMT AMT             426.50   SCHED DUE DATE  02/19/14   PYMTS REM             23
PAST DUE AMT             406.19   OLDEST DUE DATE 01/19/14   MONTHS EXTD  3 REN 000
PARTIAL PAID               0.00   LAST MAINT DT   01/22/14   YTD INT COL       102.62
**************************        LST BAL CHG DT  01/21/14   INT COL PRV      1398.00
KAREN W LANGFORD                                             ***** CREDIT HIST *****
222 MORGANS TURN                                             011 030 060 090 120 150
                                             COLLATERAL      030 008 000 000 000 000
PEACHTREE CITY          GA 30269-1502  CODE: 64TN
PH (    )                              DESC: 2009 JEEP PATRIOT 4W
PF1-NEXT STAT PF2-PREV STAT PF3-ADDL INFO PF6-ESCROW                            PA2C
AMPCGIS1 AM7294 I: FIRST STATUS DISPLAYED                                       LAST
```

Date: 2/6/2014 Time: 10:10:41 AM

```
AMAI              02/06/14           ACCOUNT INQUIRY             08:39:44
CUR
CTL2 400   CTL3 452   CTL4 0000   ACCT           3341    EFF DATE         01/17/14
CTL2 000   CTL3 000   CTL4 0000   CUST                   ACTIVE ACCOUNT
                                  ******** RATES *********  SIMPLE INT - FIXED RATE
PAYOFF               9720.62                              AUTO DR                N
ORIG LOAN AMT       20402.61   CURR RATE    12.4900000    PROD TYPE           CUSF
ORIG PROCEEDS       20402.61   ORIG RATE    12.4900000    PRIM OFFICER       92353
LT CHG DUE            259.23   PER DIEM      3.2068818    GL KEY 0001400452     40
FEES DUE                0.00   ********* DATES ********   CALL CODE           06B0
CURRENT PRIN         9371.60   CONTRACT DATE   08/05/09   ***** REPAYMENTS *****
CURRENT INT            89.79   CURR MATURITY   11/19/15   CURR TERM             75
SCH PYMT AMT          406.19   CLOSED DATE                PYMTS MADE            48
CUR PYMT AMT          645.11   SCHED DUE DATE  01/19/14   PYMTS REM             24
PAST DUE AMT          406.19   OLDEST DUE DATE 12/19/13   MONTHS EXTD    3 REN 000
PARTIAL PAID            0.00   LAST MAINT DT   12/02/13   YTD INT COL         0.00
***************************   LST BAL CHG DT  12/20/13   INT COL PRV     1398.00
KAREN W LANGFORD                                          ***** CREDIT HIST *****
222 MORGANS TURN                                          011 030 060 090 120 150
                                          COLLATERAL      030 007 000 000 000 000
PEACHTREE CITY         GA 30269-1502 CODE: 64TN
PH (    )                            DESC: 2009 JEEP PATRIOT 4W
PF1-NEXT STAT PF2-PREV STAT PF3-ADDL INFO PF6-ESCROW                        PA2C
```

Date: 2/6/2014 Time: 10:10:21 AM

# RETAIL INSTALLMENT SALE CONTRACT

**Buyer Name and Address** (including County and Zip Code): KAREN W LANGFORD, 145 WHISPERING PINE LN, BUMPASS VA 23024, LOUISA

**Co-Buyer Name and Address** (including County and Zip Code): RAND LANGFORD, 145 WHISPERING PINE LN, BUMPASS VA 23024, LOUISA

**Creditor-Seller (Name and Address):** PEARSON CHRYSLER JEEP, 8250 W BROAD STREET, RICHMOND VA 23294, HENRICO

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| NEW | 2009 | JEEP PATRIOT | 1J8FF48849D220570 | ☒ personal, family or household<br>☐ business<br>☐ agricultural |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $6800.00 |
|---|---|---|---|---|
| 12.49 % | $8843.07 | $20402.61 | $29245.68 | $36045.68 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 406.19 | Monthly beginning 09/19/2009 |

Or As Follows:

**Late Charge.** If payment is not received in full within __7__ days after it is due, you will pay a late charge of __5__ % of the part of the payment that is late.
**Prepayment.** If you pay off all your debt early, you will not have to pay a penalty.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

## ITEMIZATION OF AMOUNT FINANCED

1. Cash Price (including $ 777.06 sales tax)  $ 26390.06 (1)
2. Total Downpayment =
   Trade-in
   (Year) (Make) (Model)
   Gross Trade-In Allowance  $ N/A
   Less Pay Off Made By Seller  $ N/A
   Equals Net Trade In  $ N/A
   + Cash  $ 3300.00
   + Other REBATE  $ 3500.00
   (If total downpayment is negative, enter "0" and see 4I below)  $ 6800.00 (2)
3. Unpaid Balance of Cash Price (1 minus 2)  $ 19590.06 (3)
4. Other Charges Including Amounts Paid to Others on Your Behalf
   (Seller may keep part of these amounts):
   A Cost of Optional Credit Insurance
      Paid to Insurance Company or Companies.
      Life  $ N/A
      Disability  $ N/A  $ N/A
   B Vendor's Single Interest Insurance
      Paid to Insurance Company(ies)  $ N/A
   C Other Optional Insurance Paid to Insurance Company or Companies  $ N/A
   D Optional Gap Contract  $ 411.00
   E Official Fees Paid to Government Agencies  $ N/A
      1) to N/A for N/A  $ N/A
      2) to HENRICO for GROSS REC TAX  $ 51.80
      3) to STATE OF VA for TEMP TAG  $ 2.00
   F Government Taxes Not Included in Cash Price  $ N/A
   G Government License and/or Registration Fees
      LICENSE/ONLINE REG  $ 48.75
   H Government Certificate of Title Fees  $ 10.00
   I Other Charges (Seller must identify who is paid and describe purpose.)
      1) to N/A for Prior Credit or Lease Balance  $ N/A
      2) to N/A for N/A  $ N/A
      3) to _____ for PROCESSING FEE  $ 289.00
      4) to N/A for N/A  $ N/A
      5) to N/A for N/A  $ N/A
      6) to N/A for N/A  $ N/A
      7) to N/A for N/A  $ N/A
      8) to N/A for N/A  $ N/A
      Total Other Charges and Amounts Paid to Others on Your Behalf  $ 812.55 (4)
5. Amount Financed (3 + 4)  $ 20402.61 (5)

OPTION: ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before _N/A_, Year _____. SELLER'S INITIALS _____

**Insurance.** You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is authorized to sell such insurance in Virginia. Your choice will not affect our decision to extend credit or the terms of this contract. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest insurance is required is checked below.
If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

Check the insurance you want and sign below:
**Optional Credit Insurance**
☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability: ☐ Buyer ☐ Co-Buyer ☐ Both
Premium:
Credit Life $ ___N/A___
Credit Disability $ ___N/A___
Insurance Company Name ___N/A___
Home Office Address ___N/A___
N/A

Credit life insurance and credit disability insurance are not required to obtain credit (see back). You have the right to use alternate coverage to buy such insurance elsewhere. Your choice of insurer will not affect our decision to extend credit or the terms of this contract. Your decision to buy or not to buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

**Other Optional Insurance**
☐ ___N/A___  ___N/A___
   Type of Insurance  Term
   Premium $ ___N/A___
   Insurance Company Name ___N/A___
   Home Office Address ___N/A___
   N/A
☐ ___N/A___  ___N/A___
   Type of Insurance  Term
   Premium $ ___N/A___
   Insurance Company Name ___N/A___
   Home Office Address ___N/A___
   N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost. Your choice of Insurer will not affect our decision to extend credit or the terms of this contract.
I want the insurance checked above.

X _____ Date _____
Buyer Signature

X _____ Date _____
Co-Buyer Signature

THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE.

Returned Check Charge: If any check you give us is dishonored, we may, at our option, charge you $ _35_.

☐ VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance): If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. You may choose the insurance company through which the VSI insurance is obtained. If you elect to purchase VSI insurance through the Creditor, the cost of this insurance is $ __N/A__ and is also shown in item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract. See Section 7 on the back for more information.

OPTIONAL GAP CONTRACT. A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term __72__ Mos.   WESTERN DIVERIFIED
                   Name of Gap Contract

I want to buy a gap contract.
Buyer Signs X _Karen Langford_

## NO COOLING OFF PERIOD
State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

HOW THIS CONTRACT CAN BE CHANGED. This contract, along with all other documents signed by you in connection with the purchase of the vehicle, comprise the entire agreement between you and us affecting this purchase. No oral agreements or understandings are binding. Upon assignment of this contract: (i) only this contract and addenda to this contract comprise the entire agreement between you and the assignee relating to this contract; (ii) any change to this contract must be in writing and the assignee must sign it; and (iii) no oral changes are binding.   Buyer Signs X _Karen Langford_   Co-Buyer Signs X _____
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
See back for other important agreements.

## NO LIABILITY INSURANCE INCLUDED
NOTICE TO RETAIL BUYER: Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs X _Karen Langford_  Date 08/05/09  Co-Buyer Signs X _____  Date 08/05/09

Co-Buyers and Other Owners - A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X _____  Address _____
Seller signs _Pearson Chrysler Jeep_  Date 08/05/09  By X _____  Title _____

Seller assigns its interest in this contract to JPMORGAN CHASE BANK, NA  (Assignee) under the terms of Seller's agreement(s) with Assignee.
☒ Assigned with recourse  PEARSON CHRYSLER JEEP  8250 W BROAD STREET, RICHMOND VA 23294  ☐ Assigned with limited recourse
Seller  By _____  Title _____

ORIGINAL LIENHOLDER

OTHER IMPORTANT AGREEMENTS

1. **FINANCE CHARGE AND PAYMENTS**
   a. How we will figure the Finance Charge. We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.
   b. How we will apply payments. We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.
   c. How late payments or early payments change what you must pay. We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.
   d. You may prepay. You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.
   e. Your right to refinance a balloon payment. A balloon payment is any payment other than a down payment that is more than 10% greater than the regular or recurring installment payments. If you use the vehicle primarily for consumer purposes, you have the right to refinance a balloon payment over an extended period with additional payments. The additional periodic payments will not be more than 10% greater than the regularly scheduled installment payments.

2. **YOUR OTHER PROMISES TO US**
   a. If the vehicle is damaged, destroyed, or missing. You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.
   b. Using the vehicle. You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.
   c. Security Interest.
   You give us a security interest in:
   • The vehicle and all parts or goods put on it;
   • All money or goods received (proceeds) for the vehicle;
   • All insurance, maintenance, service, or other contracts we finance for you; and
   • All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.
   This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle.
   d. Insurance you must have on the vehicle.
   You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium of the insurance and a finance charge equal to the Annual Percentage Rate shown on the front of this contract or, at our option, the highest rate the law permits.
   If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.
   e. What happens to returned insurance, maintenance, service, or other contract charges. If we obtain a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**
   a. You may owe late charges. You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.
   If you pay late, we may also take the steps described below.
   b. You may have to pay all you owe at once. If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
   • You pay any payment (plus any late charges) more than 10 days late or not at all;
   • You give us false, incomplete, or misleading information on a credit application;
   • You start a proceeding in bankruptcy or one is started against you or your property; or
   • You break any agreements in this contract.
   The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.
   c. You may have to pay collection costs. If we hire an attorney to collect what you owe, you will pay the attorney's fee and court costs as the law allows. You will also pay any collection costs we incur as the law allows.
   d. We may take the vehicle from you. If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.
   e. How you can get the vehicle back if we take it. If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.
   f. We will sell the vehicle if you do not get it back. If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
   We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.
   g. What we may do about optional insurance, maintenance, service or other contracts. This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **WARRANTIES SELLER DISCLAIMS**
   Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose. Any implied warranties arising from a written warranty or service contract are limited to the duration of such written warranty or service contract.
   This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

5. **Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
   Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

6. **Applicable Law**
   Federal law and the law of the state of our address shown on the front of this contract apply to this contract.

7. **VSI and Optional Insurance**
   Choice of insurer: If vendor's single interest insurance is required (as indicated on the front), or if you desire optional insurance, such as credit life insurance or credit disability insurance, you have the right to use alternative coverage or to buy insurance elsewhere from the agent or insurer of your choice. You may also buy required physical damage insurance from the agent or insurer of your choice. Your choice of agent or insurer will not affect our decision to extend credit or your credit terms.

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

The preceding NOTICE applies only if the "personal, family or household" box in the "Primary Use for Which Purchased" section of this contract is checked. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

Form No. 553-VA Rev. 6/89

# Georgia Certificate of Title

DISCLAIMER: DO NOT ACCEPT THIS TITLE WITHOUT THE SECURITY THREAD LOCATED APPROXIMATELY TWO INCHES FROM LEFT EDGE.

| VEHICLE IDENTIFICATION NUMBER | MAKE | YEAR | TYPE OF BODY | MODEL | CYL | DATE ISSUED |
|---|---|---|---|---|---|---|
| 1J8FF48B49D220570 | JEEP | 2009 | MULTI-PURPOSE V | PATRIOT LIMITE | 4 | 04/24/2012 |

| DATE VEHICLE PUR | FUEL | NEW OR USED | ODOMETER* | PREVIOUS TITLE NBR/STATE OF ISSUE | NBR OF LIENS | COLOR | CURRENT TITLE NUMBER |
|---|---|---|---|---|---|---|---|
| 08/05/2009 | GASOLINE | NEW | 044809 | 61438832 /VA | 1 | WHI | 773715121103112 |

**OWNER**

KAREN WANDA LANGFORD
450 S PEACHTREE PKWY APT X202
PEACHTREE CTY GA 30269-2946

* ODOMETER READING IS ACTUAL MILEAGE OF THE VEHICLE UNLESS OTHERWISE INDICATED BELOW.

MAIL TO:

JP MORGAN CHASE BANK NA
PO BOX 901098
FORT WORTH  TX  76101-2098

**1ST LIEN OR SECURITY INTEREST**

JP MORGAN CHASE BANK NA
PO BOX 901098
FORT WORTH  TX  76101-2098

**2ND LIEN OR SECURITY INTEREST**

**3RD LIEN OR SECURITY INTEREST**

The Georgia Department of Revenue issued this title pursuant to the Motor Vehicle Certificate of Title Act and this title is subject to its provisions. The Department certifies that on application duly made, the person named herein is registered as the lawful owner of the vehicle described subject to any liens or security interests set forth and such liens or security interests as may subsequently be filed with the Commissioner.

**RELEASE OF LIEN OR SECURITY INTEREST**

| DATE OF RELEASE | SECURITY INTEREST HOLDER | AUTHORIZED AGENT |
|---|---|---|
| 1ST LIEN | | BY |
| 2ND LIEN | | BY |
| 3RD LIEN | | BY |

STATE REVENUE COMMISSIONER

T/O REV. 1/08

THIS TITLE MUST BE TRANSFERRED IMMEDIATELY INTO THE NEW OWNER'S NAME. CAUTION: $100 FINE OR 30 DAYS IMPRISONMENT FOR ACCEPTANCE OR DELIVERY OF EACH CERTIFICATE OF TITLE ASSIGNED IN BLANK. TAG REGISTRATION MUST BE TRANSFERRED WITHIN 30 DAYS OR OWNER WILL BE SUBJECT TO FINE OF UP TO $100. NEW VEHICLES MUST BE REGISTERED WITHIN 30 DAYS OF THE DATE OF PURCHASE. OWNER MUST COMPLETE ALL SPACES IN FULL. DO NOT USE RED INK. NOTICE: ANY ALTERATION VOIDS THIS TITLE.

DO NOT ACCEPT TITLE SHOWING ANY ALTERATIONS, ERASURES OR MUTILATIONS

## NOTICE TO BUYER

### ASSIGNMENT AND WARRANTY OF TITLE BY OWNER

TO BE COMPLETED BY SELLER and delivered with the vehicle to the purchaser. Effective July 1, 2008, an application for new Certificate of Title must be made by purchaser on title application form and filed within 30 days of date of purchase in order to avoid $10.00 penalty. If the vehicle described hereon is junked or dismantled, this Certificate of Title must be returned to the Motor Vehicle Division within 72 hours. FEDERAL and State Law requires that you state the odometer reading in connection with transfer of ownership. Failure to complete ODOMETER STATEMENT OR providing a FALSE STATEMENT may result in fines and/or imprisonment. The undersigned hereby sells, assigns or transfers the vehicle described on the face of this certificate to:

ALL BLOCKS MUST BE COMPLETED ACCURATELY. SUBMIT SIGNED & NOTARIZED AFFIDAVITS EXPLAINING ANY ERRORS.

PURCHASER'S LEGAL NAME

DATE OF SALE/TRANSFER

STREET OR R.F.D. NO.

Any alteration or erasure of date of sale will result in a $10.00 Penalty Fee.

CITY, STATE & ZIP CODE

COUNTY OF RESIDENCE

"I/we certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked."

ODOMETER READING — NO TENTHS

*CAUTION: READ CAREFULLY BEFORE YOU CHECK A BLOCK

☐ 1. The odometer reading stated is in excess of its mechanical limits
☐ 2. The odometer reading is NOT the actual mileage. WARNING: ODOMETER DISCREPANCY

I/WE WARRANT THAT SAID VEHICLE IS FREE OF ALL SECURITY INTERESTS, LIENS OR ENCUMBRANCES EXCEPT AS NOTED BELOW:

Transferor's (SELLER'S) Printed Name ____ Transferee's (BUYER'S) Printed Name ____

Transferor's (SELLER'S) Signature X ____ Transferee's (BUYER'S) Signature X ____

DEALER COMPLETE ALL SPACES IN FULL. DO NOT USE RED INK.

## 1st DEALER'S ASSIGNMENT

I/WE WARRANT THAT SAID VEHICLE IS FREE OF ALL SECURITY INTERESTS, LIENS OR ENCUMBRANCES EXCEPT AS NOTED BELOW. We also warrant this Title and certify that the vehicle described herein has been transferred to the following:

Purchaser's Legal Name | Purchaser's Address | County of Residence

Dealer's Permanent ID Number or Dealer's Master Tag Number | Unauthorized use may lead to prosecution | Registered Dealer's Name

"I/we certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked."

ODOMETER READING — NO TENTHS

☐ 1. The odometer reading stated is in excess of its mechanical limits
☐ 2. The odometer reading is NOT the actual mileage. WARNING: ODOMETER DISCREPANCY

Date of Sale/Transfer

Transferor's (SELLER'S) Printed Name ____ Transferee's (BUYER'S) Printed Name ____

Transferor's (SELLER'S) Signature X ____ Transferee's (BUYER'S) Signature X ____

## 2nd DLR. ASSIGNMENT

Purchaser's Legal Name | Purchaser's Address | County of Residence

Dealer's Permanent ID Number or Dealer's Master Tag Number | Unauthorized use may lead to prosecution | Registered Dealer's Name

"I/we certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked."

ODOMETER READING — NO TENTHS

☐ 1. The odometer reading stated is in excess of its mechanical limits
☐ 2. The odometer reading is NOT the actual mileage. WARNING: ODOMETER DISCREPANCY

Date of Sale/Transfer

Transferor's (SELLER'S) Printed Name ____ Transferee's (BUYER'S) Printed Name ____

Transferor's (SELLER'S) Signature X ____ Transferee's (BUYER'S) Signature X ____

## 3rd DLR. ASSIGNMENT

Purchaser's Legal Name | Purchaser's Address | County of Residence

Dealer's Permanent ID Number or Dealer's Master Tag Number | Unauthorized use may lead to prosecution | Registered Dealer's Name

"I/we certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked."

ODOMETER READING — NO TENTHS

☐ 1. The odometer reading stated is in excess of its mechanical limits
☐ 2. The odometer reading is NOT the actual mileage. WARNING: ODOMETER DISCREPANCY

Date of Sale/Transfer

Transferor's (SELLER'S) Printed Name ____ Transferee's (BUYER'S) Printed Name ____

Transferor's (SELLER'S) Signature X ____ Transferee's (BUYER'S) Signature X ____

## LIEN

### LIEN OR SECURITY INTEREST HOLDER TO BE RECORDED ON NEW TITLE

The lien/security interest holder must be shown on the title application

LIEN/SECURITY INTEREST HOLDER'S Name

LIEN/SECURITY INTEREST HOLDER'S Address

ATTN: DEALERS AND DISTRIBUTORS. Retain a copy of front and back of this document. Retention period: 3 Years.

NOTICE: ANY ALTERATION OR ERASURE VOIDS THIS TITLE

REMOVE YOUR TAG FROM THIS VEHICLE WHEN YOU ASSIGN TITLE TO THIS VEHICLE TO A NEW OWNER.

TAGS MUST BE TRANSFERRED OR PURCHASED WITHIN 30 DAYS OF THE PURCHASE DATE OR THE OWNER WILL BE SUBJECT TO FINES UP TO $100 BY LAW ENFORCEMENT FOR IMPROPER REGISTRATION.